IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,149-01






EX PARTE BRIAN KEITH HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27498-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation in exchange for three years' deferred adjudication community supervision. He was later
adjudicated guilty and sentenced to twenty years' imprisonment. The Twelfth Court of Appeals
dismissed his appeal at Applicant's request. Horton v. State, No. 12-11-00069-CR (Tex. App. -
Tyler, September 7, 2011).

 Applicant contends, inter alia, that his counsel at adjudication rendered ineffective assistance
for various reasons. Applicant alleges that counsel did not consult with him before the adjudication
hearing, failed to present evidence to explain or rebut the alleged violations of the conditions of
community supervision, and failed to call Applicant's original probation officer to testify as a
character witness on Applicant's behalf. In addition, Applicant alleges that just before the
adjudication hearing, counsel brought to the attention of the adjudicating judge the fact that
Applicant was the son-in-law of a person against whom the judge had apparently filed a slander suit. 
Applicant alleges that after bringing this to the attention of the adjudicating judge, counsel failed to
request that the judge recuse himself from the proceedings. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's adjudication counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with all documents pertaining to the
adjudication proceedings in this case, including the State's motion to proceed to adjudication and
a transcript of the proceedings leading to the final adjudication of guilt. In addition, the trial court
shall supplement the record with documents pertaining to any previous motions to adjudicate which
did not result in a final adjudication. The trial court shall make findings of fact as to whether
Applicant's original three-year period of deferred adjudication community supervision was extended,
and if so, when and how. The trial court shall make findings as to when the motion to adjudicate
which eventually led to the adjudication was filed. The trial court shall make findings as to whether
the performance of Applicant's adjudication attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 7, 2012

Do not publish